IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3164-D

| | | |
|---|---|---|
| FARLEY L. BERNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GERALD BRANKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 13, 2010, Farley L. Bernard ("Bernard" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 ("section 1983") [D.E. 1]. Bernard proceeds pro se and in forma pauperis [D.E. 2]. Bernard has filed four motions to amend his complaint [D.E. 4–5, 7, 9], along with copies of grievances [D.E. 8].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5

(4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Bernard's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Bernard's motions to amend [D.E. 4–5, 7, 9] are granted, and the court reviews these additional materials together with the original complaint to determine whether Bernard has stated a claim upon which relief may be granted.

I.

To state a claim under 42 U.S.C. § 1983, Bernard must allege: (1) that defendants deprived him "of a right secured by the Constitution and laws of the United States;" and (2) that defendants "deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970) (quotations omitted); Kendall v. City of Chesapeake, 174 F.3d 437, 440 (4th Cir. 1999). Deliberate indifference to a prisoner's serious medical needs violates his Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to prove such a claim, Bernard "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104).

2

In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. See, e.g., Sosebee v. Murphy, 797 F.2d 179, 182–83 (4th Cir. 1986).

When Bernard filed this action, he was incarcerated at Central Prison,[1] and asserted a single claim alleging denial of his request to participate in Ramadan. [D.E. 1] at 3–4. Bernard now seeks to assert a host of claims involving his imprisonment at Central Prison, Caledonia Correctional Institution ("Caledonia"), Bertie Correctional Institution ("Bertie"), and Polk Correctional Institution ("Polk"). See, e.g., [D.E. 7] at 3–7. Moreover, Bernard's allegations begin on February 1, 2009, and end on June 13, 2011, a timespan of over twenty-eight months. See, e.g., [D.E. 7] at 7–22.

II.

A.

Initially, the court addresses Bernard's claims arising out of his imprisonment at Central Prison and Polk. As for his imprisonment at Central Prison, Bernard alleges that he was not allowed to participate in Ramadan, [D.E. 1] at 3–4; suffered the confiscation of personal and legal property, [D.E. 4] at 1–2, [D.E. 5] at 1; was denied medical treatment "since November 16, 2010," [D.E. 4] at 1, [D.E. 5] at 1; was forced to take showers in "full black box handcuffs" which prevented him from performing adequate hygiene, [D.E. 4] at 1–2; suffered a shoulder injury when a correctional officer "pushed [his] arms up to[o] far backwards with black box handcuffs on [his] wrist behind [his] back," [D.E. 5] at 1; and participated in sham disciplinary proceeding against him, [D.E. 7] at 17–20 (titled "Statement of Claim No. 5").

---

[1] Bernard is now incarcerated at Polk Correctional Institution. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0993767 (last visited July 13, 2011). Thus, to the extent he seeks an injunction transferring him from Central Prison [D.E. 4] at 3, [D.E. 5] at 2, his request for injunctive relief is moot and therefore denied.

3

As for his imprisonment at Polk, Bernard alleges that between February 27 and April 4, 2011, he submitted at least five sick call requests seeking medical attention "for a[n] infectious injury under [his] chin that was continuously bleeding and causing severe pain." [D.E. 7] at 20–21 (also titled "Statement of Claim No. 5"). Bernard was seen by a nurse on April 5, 2011, who told Bernard that he "would be scheduled to be seen by the physician," but Bernard was not seen by a physician until May 5, 2011. Id. at 21. Bernard alleges that the physician "told me that my scar can only be corrected by surgery to repair the damage because it went to[o] long without proper treatment." Id. Bernard also alleges an ongoing failure to treat him for complications arising from colon surgery, and that defendant Watson (a nurse at Polk) never scheduled Bernard to see a physician. Id. at 21–22. Bernard filed a grievance on June 13, 2011, but "the grievance was delayed and returned to me because I had a previous grievance pending." Id. at 22. Bernard's most recent motion to amend [D.E. 9] seeks to remove defendant Lee from the action and replace him with Superintendent L. Solomon, the current warden of Polk.

Bernard has submitted evidence indicating that he did not exhaust administrative remedies with regard to any of these claims until after filing suit [D.E. 8].[2] The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532;

---

[2] Indeed, Bernard's claims concerning Polk did not arise until well after he filed this action, in that he was not transferred to Polk until May 9, 2011.

4

see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, because Bernard failed to exhaust his claims concerning Central Prison and Polk before filing suit, the court dismisses these claims without prejudice.

B.

Next, the court addresses Bernard's claim arising out of his incarceration at Bertie. Bernard alleges that sometime between October 2009 and January 13, 2010, he began to experience internal bleeding. [D.E. 7] at 15 (titled "Statement of Claim No. 3"). Defendant Hobbs examined Bernard on January 13, 2010. Bernard claims he informed Hobbs that he was bleeding internally, but Hobbs "refused to treat [his] internal bleeding as a medical emergency and failed to schedule [him] to see the physician." Id. On January 18, 2010, a prison captain "contacted the medical department and told [Bernard] that they were refusing to treat [him] and would not let [him] see the physician." Id. On January 22, 2010, Bernard "became dizzy and briefly passed out in [his] cell." Id. An "unknown [nurse] . . . refused to treat [his] internal bleeding as a medical emergency and failed to

5

schedule [him] to see the physician." Id. Although Bernard declared several medical emergencies and submitted sick call requests, a physician did not examine him for two months. Ultimately, Bernard was diagnosed with a ruptured cancerous polyp that required surgical intervention to remove a portion of his colon. Id. Bernard alleges that more timely treatment would have allowed removal of the polyp without significant surgery, which has resulted in "permanent physical problems." Id. at 15–16.

As for defendant Hobbs, it does not plainly appear from the face of the complaint that Bernard is not entitled to relief; therefore, his claim is allowed to proceed. However, as for the "unknown" nurse who failed to provide Bernard with medical care on January 22, 2010, John Doe suits are not favored in the federal courts. See, e.g., Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision); see Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982) (suits against unnamed defendants are permissible only against "real, but unidentified, defendants"). Only when a plaintiff is likely to be able to identify the defendant after further discovery should a John Doe case be allowed to proceed. Schiff, 691 F.2d at 198. A plaintiff who seeks to proceed against unidentified defendants must still "provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quotation omitted); Williams v. Burgess, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (unpublished). Furthermore, the complaint must provide each John Doe defendant with fair notice of the specific facts upon which his individual liability rests. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007); Williams, 2010 WL 1957105, at *3. Here, Bernard fails to provide sufficient information about the nurse to identify him or her for service of process. Bernard must provide a name by July 29, 2011, or the court will dismiss this defendant.

6

Additionally, Bernard may not proceed as to defendant Stancil, the superintendent of Bertie. Bernard does not allege that Stancil was directly involved in the failure to provide him with medical care; therefore, Bernard's claim against Stancil appears to be based on respondeat superior. Respondeat superior, however, does not apply to suits brought pursuant to 42 U.S.C. § 1983. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 n.58 (1978); cf. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Thus, Bernard's claim against defendant Stancil is dismissed as frivolous.

C.

Next, the court addresses Bernard's claims arising out of his incarceration at Caledonia. On February 1, 2009, Bernard was "involved in a fight with another inmate[]" and "seriously injured when [the] inmate . . . punched [him] in the face." [D.E. 7] at 7 (titled "Statement of Claim No. 1"). "Despite the fact[] that there was no weapons involved and the fight was only between [Bernard] and [one other] inmate," Bernard "was charged with ass[au]lt with a weapon (A06) and Institutional Violence," while the other inmate "did not receive any disciplinary charges." [D.E. 7] at 7. Bernard also alleges infirmities in the disciplinary hearing (which defendant Battle conducted), including a missing witness statement page (which he had provided to defendant Bennett) and the denial of any witnesses at the hearing. Id. at 8–9. Bernard appealed his disciplinary conviction, and defendant Massey, the superintendent at Caledonia, and defendant Pimpong, the Chief Disciplinary Hearing Officer for the Department of Correction in Raleigh, denied his appeals. Id. at 9. On this claim, Bernard seeks declaratory and injunctive relief, including an "order[] . . . to remove the false charges – Ass[au]lt with a weapon (A04) and Institutional Violence – from plaintiff's prison record and modify the false charges to the correct charge of a (C04)," as well as costs and "[a]ny additional relief this court deems just, proper, and equitable." Id. at 10.

7

The day after the fight, Bernard sought medical attention and defendant Smith examined him and "gave [him] ice and pain medication and said she would schedule [him] to see the physician." [D.E. 7] at 12 (titled "Statement of Claim No. 2"). However, a physician did not examine Bernard or provide any further medical treatment despite his filing of four sick call requests in three weeks. Id. Bernard was then transferred from Caledonia to Bertie on February 25, 2009, where he was "i[m]mediately scheduled for an X-ray to [his] facial injury." Id. A doctor at Bertie told Bernard "that it was to[o] late to treat the fractured bone in [his] face because it had already beg[u]n to callus over on the bone." Id. Bernard alleges that the "permanent damage to [his] facial bone ... causes [him] sinus problems and [his] left eye socket to swell on occassion[]." Id. at 12–13.

As for Bernard's challenge to his disciplinary conviction, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See, e.g., Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Although Heck does not apply to all suits challenging prison disciplinary proceedings,[3] Bernard seeks to overturn his disciplinary conviction. Thus, Bernard challenges the validity of his disciplinary conviction. Because Bernard's disciplinary conviction has not been

---

[3] See Muhammad v. Close, 540 U.S. 749, 751, 755 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not ... implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

8

overturned or otherwise invalidated, Bernard may not proceed with this section 1983 claim.

As for Bernard's claim concerning the alleged failure to provide him with medical treatment at Caledonia, the only named defendant Bernard connects to this claim is defendant Smith, who provided Bernard "with ice and pain medication." Thus, Bernard has failed to name any defendant responsible for the alleged failure to provide him with medical care. Moreover, Bernard's request to amend his complaint to add claims concerning Caledonia implicates Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated.[4] See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). Thus, the court dismisses Bernard's claim alleging the failure to provide him with medical care at Caledonia without prejudice, to allow him to refile it as a separate action should he so choose.

---

[4] Although Bernard's remaining claim alleges the failure to provide him with medical care at Bertie, the medical issues are completely different. Bernard alleges that individuals at Bertie failed to provide him with medical care for internal bleeding and ultimately colon cancer, and that individuals at Caledonia failed to provide him with medical care for a facial injury which occurred during a fight. Moreover, the claims involve personnel at two different prisons.

9

D.

Finally, Bernard seeks to assert a claim against North Carolina Prisoner Legal Services, Inc. ("NCPLS"). Bernard alleges that he has repeatedly sought assistance from NCPLS, but NCPLS has "failed to provide me with any adequate legal information or any adequate case law to access the courts." [D.E. 7] at 24 (titled "Statement of Claim No. 6").

> NCPLS is a program which provides limited civil representation to North Carolina inmates. See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd[,] 813 F.2d 1299 (4th Cir. 1987). Attorneys with NCPLS are at liberty to use their professional judgment to determine whether to accept representation in a case. The "meaningful access" referred to in Bounds, in no way entitles a plaintiff to total or unlimited access. See High v. Hamden, No. 03-7832 (E.D.N.C. Dec. 2, 2003)[,] aff'd [per curiam,] 88 Fed. Appx. 604 (4th Cir. Feb. 23, 2004); Kness v. Sondalle, 725 F. Supp. 1006, 1007 (E.D. Wis. 1989). Despite plaintiff's claim to the contrary, NCPLS's declining to accept representation in plaintiff's case does not give rise to a constitutional violation.

Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005) (unpublished), aff'd per curiam, 133 F. App'x 913 (4th Cir. 2005) (unpublished). Accordingly, Bernard has failed to state a denial of access claim and that claim is dismissed.

III.

In sum, the court GRANTS plaintiff's motions to amend [D.E. 4–5, 7, 9], and proceeds only as to Bernard's claim alleging the failure to provide him with medical care at Bertie. [D.E. 7] at 15–16 ("Statement of Claim No. 3"). Bernard may proceed on this claim as to defendant Hobbs. As for the "unknown" nurse who failed to provide Bernard with medical care on January 22, 2010 at Bertie, Bernard must provide this defendant's name by July 29, 2011, or the court will dismiss this defendant. The court DISMISSES all other claims and defendants. The court DENIES AS MOOT plaintiff's requests for an injunction transferring him from Central Prison [D.E. 4] at 3, [D.E. 5] at 2. The clerk is directed to maintain management of the action.

SO ORDERED. This **14** day of July 2011.

*James Dever*
JAMES C. DEVER III
United States District Judge