IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3164-D

FARLEY L. BERNARD, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
GERALD BRANKER, et al., )
)
        Defendants. )

On September 13, 2010, Farley L. Bernard ("Bernard" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 ("section 1983") [D.E. 1]. Bernard proceeds pro se and in forma pauperis [D.E. 2]. On July 11, 2011, Bernard moved for appointment of counsel [D.E. 10]. On July 14, 2011, the court reviewed all of Bernard's filings, and allowed him to proceed with a claim alleging failure to provide him with medical care at Bertie Correctional Institution ("Bertie") against defendant Hobbs and an unknown nurse [D.E. 11]. On July 25, 2011, Bernard moved for partial reconsideration of the court's July 14, 2011 order [D.E. 14].[1] On August 2, 2011, Bernard moved to amend his complaint [D.E. 17] and requested a preliminary injunction [D.E. 19].

On October 20, 2011, the court directed the North Carolina Attorney General to attempt to ascertain the identity of the nurse who examined Bernard at Bertie [D.E. 27]. On October 27, 2011, the Attorney General provided the court with the name and address of the nurse for service of process [D.E. 29]. On November 18, 2011, the nurse, Virginia Sue Dawson ("Dawson"), answered the complaint [D.E. 33]. On November 29, 2011, Magistrate Judge Webb issued a scheduling order

---

[1] Bernard "does not seek reconsideration of the court's order regarding Polk Correctional Institution[]" ("Polk"). Mot. Recons. 3. Additionally, Bernard's motion for reconsideration is moot insofar as it concerns the unknown nurse who was involved in his medical care at Bertie.

[D.E. 34]. On November 30, 2011, Bernard responded in opposition to Dawson's answer [D.E. 35] and filed a second motion for appointment of counsel [D.E. 36]. On December 19, 2011, Bernard filed a motion to compel discovery [D.E. 38].

I.

The court first addresses Bernard's motion for reconsideration. The court has previously examined the full scope of Bernard's allegations in detail, see [D.E. 11] at 3–10, and it will not do so again, except to note that Bernard raises claims arising from events that occurred at four different prisons over twenty-eight months. Bernard's motion is governed by Federal Rule of Civil Procedure 54(b), which provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court . . . ." Am. Canoe, 326 F.3d at 514–15; see Saint Annes Dev. Co., Inc. v. Trabich, No. 10-2078, 2011 WL 3608454, at *3 (4th Cir. Aug. 17, 2011) (per curiam) (unpublished).

Bernard objects to the dismissal of his claims concerning multiple prisons, as he asserts that each prison's superintendent was "directly involved with answering and denying the first step in

plaintiff's grievances and disciplinary appeals" and "each carried out a 'policy' or 'practice' where they denied the . . . grievances and disciplinary appeals and designated others to sign the" denials, and that they did so "jointly under defendant Robert C. Lewis[,]" the state's Director of Prisons. Mot. Recons. 2–3. The court previously informed Bernard that the doctrine of respondeat superior generally does not apply to a section 1983 action. [D.E. 11] at 7. Although section 1983 claims against supervisors are cognizable when liability is premised upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care[,]" Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), Bernard has failed to allege that any defendant's response to the conduct of a subordinate "was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices.'" Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Rizzo v. Goode, 423 U.S. 362, 371 (1976); Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001). Moreover, to the extent Bernard bases his assertion of supervisory liability on the defendants' responses to his grievances, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thus, Bernard has not presented any argument warranting reconsideration.

Next, Bernard seeks reconsideration of the dismissal of his claims concerning Central Prison for failure to exhaust his administrative remedies. Mot. Recons. 3-4; see [D.E. 11] at 4. However, the grievances to which Bernard cites were not exhausted until after he filed suit, and thus were subject to dismissal without prejudice. Accordingly, Bernard has not presented any argument warranting reconsideration.

Next, Bernard challenges the dismissal of his due process claims arising out of disciplinary

3

convictions. Mot. Recons. 4-5; see [D.E. 11] at 8. Bernard asserts that "the false disciplinary charges have no connection to plaintiff's convictions or sentences." Mot. Recons. 4–5. However, actions challenging the validity of prison disciplinary proceedings are not cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997). Thus, Bernard has not presented any argument warranting reconsideration.

Finally, Bernard challenges the dismissal of North Carolina Prisoner Legal Services, Inc. ("NCPLS") as a defendant. Mot. Recons. 6–8. Bernard characterizes his claim against NCPLS as "centered on the denial of his right to access the [c]ourts by the North Carolina Director of Prisons Robert C. Lewis [through] his hiring of the NCPLS." Id. 7; see [D.E. 11] at 10. Courts have repeatedly considered and rejected claims against NCPLS like Bernard's. See, e.g., Wrenn v. Freeman, 894 F. Supp. 244, 249 (E.D.N.C. 1995), aff'd, 92 F.3d 1184 (4th Cir. 1996) (per curiam) (unpublished table disposition). Thus, Bernard has not presented any argument warranting reconsideration, and the court denies his motion for reconsideration [D.E. 14].

II.

Next, the court addresses Bernard's motion to amend his complaint. Federal Rule of Civil Procedure 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." However, "belated claims which change the character of litigation are not favored." Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997) (internal quotations, alteration, and citation omitted). Additionally, the court is not required to grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted).

Bernard seeks to add a claim arising out of his imprisonment at Polk. Mot. Amend 1, 3. Bernard states that the claim is for "an additional violation of his Federal Constitutional Rights" that

4

arose "since the filing of the previous motion to amend this complaint[.]" Id. 1. Moreover, Bernard states that he "[f]iled [an] [e]mergency [g]rievance" which had not been answered when he filed his motion to amend. Id. 2. Thus, Bernard's proposed amendment suffers the same fate as his previous claims concerning Polk, see [D.E. 11] at 4–5, and is subject to dismissal without prejudice. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Accordingly, the court denies Bernard's motion to amend [D.E. 17].

Next, the court addresses Bernard's motion for a preliminary injunction. Bernard seeks a preliminary injunction to prevent "Corporal Harris [from] plac[ing] restraints on plaintiff and from transporting plaintiff on medical or court appointments." Mot. Prelim. Inj. 2. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Bernard has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an

5

injunction is in the public interest. Thus, Bernard has failed to meet his burden of proof. Accordingly, the court denies Bernard's motion for a preliminary injunction [D.E. 19].

Next, the court addresses Bernard's motions for appointment of counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Neither the facts of this case, nor Bernard's abilities do not present exceptional circumstances. Accordingly, the court denies Bernard's motions to appoint counsel [D.E. 10, 36].

III.

In sum, the court DENIES plaintiff's motions for appointment of counsel, for reconsideration, to amend, and for a preliminary injunction [D.E. 10, 14, 17, 19, 36]. Plaintiff's motion to compel discovery [D.E. 38] remains pending, and the court DIRECTS defendants to file a response to the motion on or before January 27, 2012.

SO ORDERED. This 12 day of January 2012.

JAMES C. DEVER III
United States District Judge